IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAURIE ANN LONGBOAT, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 17-146-E
)
NANCY A. BERRYHILL, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 30th day of August, 2018, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred by: (1) failing to address the issue of chronic pain syndrome in his decision; and (2) failing to reconcile an alleged conflict between the ALJ's residual functional capacity assessment ("RFC") and the testimony of the vocational expert ("VE"). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

Plaintiff first asserts that the ALJ erred in failing to consider her chronic pain syndrome, which she says undermined his evaluation of her credibility and the medical opinions of record. More specifically, Plaintiff argues that, in failing to independently evaluate Plaintiff's chronic pain syndrome, the ALJ improperly diminished Plaintiff's credibility and rejected the opinions of John C. Kalata, D.O. due to lack of objective evidence. In support of this contention, Plaintiff claims that the case at bar is nearly identical to Sharpe v. Commissioner of Social Security, No. 14-184, 2015 WL 4255308 (W.D. Pa. July 14, 2015). The Court does not agree that the two cases are similar, however, and further finds that the ALJ did not err here in evaluating the above-referenced evidence.

First, the Court finds that the unusual fact pattern in Sharpe is clearly distinguishable from that present in the case at bar. Although the claimant in Sharpe suffered from severe abdominal pain, the ALJ in that case found that there was no medically determinable impairment that could reasonably be expected to cause her pain. Because there was ample evidence in the record from the claimant's doctors indicating that they believed the claimant's symptoms were caused by a somataform disorder (a mental impairment that causes physical pain) or chronic pain syndrome (which may also have a psychiatric component), however, the Court determined that the ALJ's decision was not based on substantial evidence and ordered remand.

Here, however, the ALJ made very different findings. In this case, the ALJ found that Plaintiff had several severe impairments that could reasonably be expected to cause her alleged symptoms, namely, lumbar degenerative disc disease and right shoulder spurring. (R. 16). Also, unlike in Sharpe where the claimant's doctors clearly stated their belief that the claimant's pain was caused by a somataform disorder or chronic pain syndrome, Plaintiff's diagnosis of chronic pain disorder was noted rather summarily in the record. In fact, such diagnosis was listed in Plaintiff's doctor's records among various other diagnoses indicating back, shoulder and other pain issues. Nevertheless, regardless of whether chronic pain syndrome was considered separately, a diagnosis alone does not demonstrate disability. See Foley v. Comm'r of Soc. Sec., 349 Fed. Appx. 805, 808 (3d Cir. 2009). It is Plaintiff's symptoms—not her diagnosis—that indicates whether she is impaired, and separate pain symptoms were never even attributed to chronic pain disorder in this case. Finally, the ALJ did not entirely discount Plaintiff's allegations of pain in his decision; rather, he appropriately found that Plaintiff indeed suffered from moderate pain, but still retained the capacity for light work with additional restrictions. See, e.g., Andreolli v. Comm'r of Soc. Sec., No. 07-1632, 2008 WL 5210682, at *4 (W.D. Pa.

2

Dec. 11, 2008) (noting that "a claimant need not be pain-free or experiencing no discomfort in order to be found not disabled"). Thus, the fact pattern of this case is quite different from the situation that required remand in Sharpe.

Further, the Court finds that the ALJ properly considered Plaintiff's allegations of pain in his decision. The Social Security Regulations provide that, in determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. §§ 404.1529(a), 416.929(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms she alleges. See 20 C.F.R. §§ 404.1529(b), 416.929(b). Once an impairment is found, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit her ability to work. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities and medical treatment). After an ALJ has evaluated a claimant's credibility, that determination is entitled to due deference because of the ALJ's opportunity to observe the claimant and weigh the claimant's testimony against the medical record. See Wier v. Heckler, 734 F.2d 955, 961-62 (3d Cir. 1984). A credibility determination by an ALJ should not be reversed unless it is "inherently incredible or patently unreasonable." Atlantic Limousine, Inc. v. NLRB, 243 F.3d 711, 718-19 (3d Cir. 2001) (internal quotation omitted).

As discussed, supra, the ALJ concluded that Plaintiff had several severe impairments, including lumbar degenerative disc disease, right shoulder spurring, headaches, obesity, major depression, and posttraumatic stress disorder. (R. 16). The ALJ also found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (R. 21). However, after examining Plaintiff's subjective complaints and the other evidence of record, the ALJ ultimately found that such evidence does not fully support the extent of the limitations alleged by Plaintiff. Quite simply, the ALJ found that the intensity, persistence and limiting effects of Plaintiff's symptoms are not entirely credible for the reasons he provided. (R. 21).

The Court notes that the ALJ, in his decision, carefully reviewed and discussed Plaintiff's subjective complaints of pain as well as her medical treatment, and did not find Plaintiff's subjective complaints to be not entirely credible based solely on a lack of objective evidence in the record. The ALJ also explained that the record showed Plaintiff's pain to be "mostly well controlled," and that her pain medication provided moderate pain relief with no side effects. (R. 22, 23). Also, the ALJ noted that Plaintiff's allegations of disabling pain were not consistent with her considerable activities of daily living. (R. 26). Particularly notable was the fact that Plaintiff admitted to lifting her teenage son 20-30 times a day and recently having traveled to Canada. (R. 23). Moreover, the ALJ emphasized that the record contained no opinions from treating sources indicating that Plaintiff was disabled, nor did her treating sources opine that Plaintiff was more limited than her RFC indicated. (R. 27). Thus, the Court finds that the ALJ considered Plaintiff's subjective complaints, but ultimately found that the record—which showed

moderate symptoms with treatment, along with various activities of daily living—simply did not fully support her allegedly disabling symptoms. The Court finds, therefore, that the ALJ did not err in his consideration of the evidence of record regarding Plaintiff's impairments.

Additionally, the Court also finds that the ALJ did not err in evaluating the opinions of Dr. Kalata. (R. 28). Plaintiff argues that because the ALJ did not consider Plaintiff's chronic pain syndrome, he therefore did not properly evaluate Dr. Kalata's opinions. However, although Dr. Kalata addressed Plaintiff's chronic pain symptoms, he did not attribute Plaintiff's symptoms to chronic pain syndrome, nor did he discuss chronic pain syndrome in any way. (R. 409-12, 417-23, 592-608). Furthermore, upon review, the Court finds that the ALJ clearly relied on the entirety of the record—not just a lack of supporting objective evidence—in making his determination as to the weight he accorded to Dr. Kalata's opinions. As to Dr. Kalata's first medical source statement, the ALJ noted, among other things, that it was based on only a one-time examination following a conservative course of treatment. (R. 28). As to Dr. Kalata's later assessment following his more recent consultative exam, the ALJ noted that the doctor's minimal findings were based largely on Plaintiff's subjective complaints which were not entirely credible for the reasons included in his decision (reasons discussed, and found to be properly evaluated, supra). Therefore, the ALJ relied on more than just a lack of objective evidence in determining the weight to accord Dr. Kalata's opinions, and the Court finds that the ALJ properly evaluated those opinions in his decision.

Thus, the Court finds that the ALJ did not err in his consideration of the evidence of Plaintiffs' various impairments, his consideration of Plaintiff's credibility, or his evaluation of the medical opinions offered by Dr. Kalata. Plaintiff's first argument, that the ALJ erred in failing to independently evaluate her chronic pain syndrome, is without merit.

Plaintiff's second argument is that the ALJ failed to reconcile an alleged conflict between Plaintiff's RFC and the testimony of the VE regarding representative jobs that Plaintiff could perform. The RFC formulated by the ALJ stated that Plaintiff could perform light work as defined in 20 CFR §§ 404.1567(b) and 416.1567(b), with additional limitations. (R. 19-20). At the administrative hearing, the VE provided several representative jobs that a person with Plaintiff's RFC could perform, including jobs which the Dictionary of Occupational Titles ("DOT") categorizes as having a reasoning level of two. (R. 29-30). According to the DOT, such reasoning level contemplates an ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." Money v. Barnhart, 91 Fed. Appx. 210, 215 (3d Cir. 2004) (citing DOT, App. C (4th ed. 1991)). Plaintiff contends that there is a conflict between such abilities and the limitation in her RFC of performing tasks "involving only simple work-related decisions, with few, if any, workplace changes." (R. 20).

In reviewing this argument, the Court notes that Plaintiff, in accordance with Third Circuit law, does not claim that work at reasoning level two would contradict the mandate that her work be simple, routine and repetitive. See Money v. Barnhart, 91 Fed. Appx. at 215. However, it is also simply not apparent to the Court how the ALJ's additional limitation conflicts with the reasoning level described above, nor does Plaintiff shed any light on what the alleged

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

conflict is here. Because no conflict is inherently obvious, and because Plaintiff has failed to explain how a conflict exists in this case, the Court finds that Plaintiff's second argument lacks merit.

In sum, after careful review of the record, the Court finds that the ALJ properly addressed the relevant evidence in the record, including full consideration of the Plaintiff's subjective complaints, the medical records and the medical opinion evidence, and he thoroughly discussed the basis for his RFC finding. The Court finds that substantial evidence supports the ALJ's decision in this case and, accordingly, the Court affirms.